**ORAL ARGUMENT SCHEDULED FOR DECEMBER 1, 2026**

**No. 25-3027**

# In the United States Court of Appeals for the District of Columbia Circuit

IN RE: ORLANDO BELL,

*Petitioner*.

On Petition for Leave to File Second or Successive Motion
Under 28 U.S.C. § 2255 in the
United States District Court for the District of Columbia
No. 1:17-cr-00234-TNM-7, Hon. Trevor N. McFadden

**RESPONSE TO REHEARING PETITION AND SUPPLEMENTS THERETO OF COURT-APPOINTED *AMICUS CURIAE* IN SUPPORT OF PRE-*BOWE* CIRCUIT CONSENSUS**

Sarah E. Harrington
Alexander J. Cave
*Counsel of Record*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
202-662-6000

October 16, 2026

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), I certify as follows:

### A. Parties and *Amici Curiae*

All parties, intervenors, and *amici* appearing before the district court and in this court are listed in the Supplemental Brief of Court-Appointed *Amicus Curiae* in Support of Petitioner.

### B. Rulings Under Review

References to the rulings at issue appear in the Supplemental Brief of Court-Appointed *Amicus Curiae* in Support of Petitioner.

### C. Related Cases

This case was previously before this Court on direct appeal, *see United States v. Bell* (No. 19-3020), on appeal from the district court's denial of Mr. Bell's motion under 28 U.S.C. § 2255 and motion for a certificate of appealability, *see United States v. Bell* (No. 22-3040), on Mr. Bell's petition for a writ of mandamus, *see In re Bell* (No. 23-3121), and on appeal from the district court's denial of Mr. Bell's motions for recusal, to reconsider denial of a certificate of appealability, for compassionate release, and for reduction in sentence, *see United States v. Bell* (No. 25-3089). *In re Gooch* (No. 25-3098) is a related case currently pending in

this Court. It was previously before this Court on direct appeal, *see United States v. Gooch* (No. 07-3106), and on appeal from the district court's denial of Mr. Gooch's §2255 motion, *see United States v. Gooch* (No. 15-3030).

October 16, 2026

*/s/ Alexander J. Cave*
Alexander J. Cave

## TABLE OF CONTENTS

**Page**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES .......... i

TABLE OF AUTHORITIES .......... iv

GLOSSARY .......... vi

INTRODUCTION .......... 1

BACKGROUND .......... 4

ARGUMENT .......... 6

I. *Bowe*'s Reasoning and AEDPA's Text Confirm that Congress Barred Rehearing Petitions in the Gatekeeping Process for Federal Prisoners' Second or Successive Filings. .......... 6

II. *Bowe*'s Holding Respecting AEDPA's Separate Certiorari Bar Does Not Suggest Otherwise. .......... 15

CONCLUSION .......... 20

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Petroleum Inst. v. EPA*,
883 F.3d 918 (D.C. Cir. 2018) .......... 9

*Bowe v. United States*,
607 U.S. 13 (2026) .......... 1-13, 16-20

*In re Clark*,
837 F.3d 1080 (10th Cir. 2016) .......... 6

*Climate United Fund v. Citibank, N.A.*,
2025 WL 3663661 (D.C. Cir. Dec. 17, 2025) .......... 12

*Cochise Consultancy, Inc. v. United States ex rel. Hunt*,
587 U.S. 262 (2019) .......... 13-14

*Dep't of Banking v. Pink*,
317 U.S. 264 (1942) .......... 9

*Duncan v. Bonta*,
131 F.4th 1019 (9th Cir. 2025) .......... 12

*Jam v. Int'l Fin. Corp.*,
586 U.S. 199 (2019) .......... 10

*Missouri v. Jenkins*,
495 U.S. 33 (1990) .......... 9

*Pulsifer v. United States*,
601 U.S. 124 (2024) .......... 19

*Reiter v. Sonotone Corp.*,
442 U.S. 330 (1979) .......... 16

*Reno v. Bossier Parish Sch. Bd.*,
528 U.S. 320 (2000) .......... 13

**Cases—Continued**

*United States v. Campbell*,
26 F.4th 860 (11th Cir. 2022) .......... 12

*Upchurch v. United States*,
184 F.4th 933 (7th Cir. 2026) .......... 8-9, 17

**Statutes**

Antiterrorism and Effective Death Penalty Act (AEDPA),
Pub. L. No. 104-132, 110 Stat. 1214 (1996) .......... 4

28 U.S.C.

§ 46 .......... 12

§ 2244 .......... 1, 4-5, 7, 9, 11, 13, 15

§ 2255 .......... 1, 4-7, 11, 19-20

**Rules**

Fed. R. App. P. 40 .......... 10, 12, 15

Fed. R. App. P. 41 .......... 8, 12

**Other Authorities**

Fed. R. App. P. 35 advisory committee's note to 1998
amendment .......... 10

## GLOSSARY

| | |
|---|---|
| **AEDPA** | Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) |

## INTRODUCTION

Under 28 U.S.C. §2255(h), a federal prisoner may file a second or successive request for postconviction relief only if the filing is first "certified as provided in [28 U.S.C. §2244] by a panel of the appropriate court of appeals" to satisfy certain substantive requirements. Section 2244 in turn details a similar "gatekeeping" process governing state prisoners' second or successive filings. As the Supreme Court explained last Term in *Bowe v. United States*, §2255(h) thus "borrow[s] certain of the procedures" §2244 describes "and applies them to federal prisoners too." 607 U.S. 13, 18 (2026).

The question here is whether §2244(b)(3)(E)'s rehearing bar—which commands that a certification decision "shall not be the subject of a petition for rehearing," and thus prohibits petitions seeking panel rehearing or rehearing en banc—is among the procedural requirements §2255(h) borrows. Answering that question requires interpreting §2255(h)—specifically, determining whether its cross-reference to §2244 encompasses the rehearing bar in §2244(b)(3)(E). But this Court need not start that interpretive work from scratch, for the Supreme Court already concluded in *Bowe* that §2255(h) sweeps in any requirement from

§2244 that addresses "how a panel certifies a second or successive filing." 607 U.S. at 29.

That is precisely what the rehearing bar does. In prohibiting petitions for panel rehearing, it forbids a panel from entertaining requests to reconsider that, if permitted, would prevent the panel's certification decision from becoming effective until the panel decides whether to adopt it anew. And in prohibiting petitions for rehearing en banc, the rehearing bar just reinforces—like another §2244 provision *Bowe* confirms §2255(h) incorporates, and indeed like §2255(h) itself—that panels alone adjudicate certification requests on behalf of courts of appeals. For either and both of those reasons, the rehearing bar shapes the process of certification by a panel. So under *Bowe*, it bars federal prisoners and the Government alike from seeking rehearing of §2255(h) gatekeeping determinations.

In resisting that conclusion, *amicus* appointed to support Mr. Bell and the Government each start in the wrong place—not with §2255(h) as *Bowe* interpreted it, but with §2244(b)(3)(E). They contend that because that subsection happens to bar both rehearing and certiorari petitions in a single sentence, what goes for one must go for the other. So because

*Bowe* held that the certiorari bar does not apply in the §2255(h) process, they say the rehearing bar cannot apply either.

*Bowe*, however, says otherwise. The *dissent* in that case insisted that the rehearing and certiorari bars must travel to §2255(h) either together or not at all. But the majority saw it differently. Rebuffing the notion that §2255(h) necessarily incorporates §2244(b)(3)(E) "in its entirety," it explained that whether §2255(h) incorporates the rehearing bar "says little, and certainly nothing clear," about whether it incorporates the "separate certiorari bar." *Id.* at 32. And reversing the roles only strengthens that observation: *Bowe*'s certiorari-bar holding rested on a certiorari-specific clear-statement rule undisputedly inapplicable here, so it says *nothing* about whether §2255(h) incorporates the "separate" rehearing bar. Nor does any principle of statutory interpretation require reading §2255(h) in the all-or-nothing way *Bowe* pointedly rejected. Rather, it must be read how *Bowe* read it: as an instruction that points federal prisoners, the Government, and the courts to "certain … procedures" described in §2244—those "a panel must follow in certifying a second or successive filing"—and "directs that those

procedures be used" in the § 2255(h) gatekeeping process too. *Id.* at 18, 29.

Because the rehearing bar is one such procedure, neither federal prisoners like Mr. Bell nor the Government may seek panel or en banc rehearing of § 2255(h) certification decisions. The Court should therefore deny Mr. Bell's petition seeking both.

## BACKGROUND

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), prohibits prisoners from filing second or successive requests for postconviction relief in federal court unless those requests invoke new and case-dispositive factual evidence or new and retroactively applicable constitutional law. *See* § 2244(b)(1)-(2) (state-prisoner filings); § 2255(h)(1)-(2) (federal-prisoner filings). AEDPA "enlist[s] the courts of appeals to play a gatekeeping role" in enforcing these "content requirements." *Bowe*, 607 U.S. at 18, 28.

Section 2244(b)(3) lays out the gatekeeping process applicable to state prisoners. Its first four subsections direct as follows:

- Before initiating a second or successive filing in federal district court, the prisoner must obtain certification from "the appropriate court of appeals" that it satisfies AEDPA's content requirements. § 2244(b)(3)(A).

- "[A] three-judge panel" must decide the certification request. §2244(b)(3)(B).
- The panel may grant certification only on a "prima facie showing" of AEDPA compliance. §2244(b)(3)(C).
- The panel must decide the certification request within "30 days" of receiving it. §2244(b)(3)(D).

And especially relevant here, the final subsection, §2244(b)(3)(E), directs that the panel's decision "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."

Section 2255(h), the gatekeeping provision applicable to federal prisoners, is comparatively sparse but nearly identical in substance. It provides that a federal prisoner's "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to" satisfy the applicable content requirements. As the Supreme Court explained in *Bowe*, §2255(h) thus "borrow[s] certain of the procedures that apply to state prisoners and applies them to federal prisoners too." 607 U.S. at 18.

*Bowe* held that "the certiorari bar in §2244(b)(3)(E)" is not among those borrowed procedures. *Id.* at 24. In so concluding, the Court explained that §2255(h)'s cross-reference incorporates requirements from §2244 that "'provid[e]' for how a 'panel of the appropriate court of

appeals' 'certifie[s]' a second or successive filing." *Id.* at 28 (alterations in original) (quoting §2255(h)). Because the certiorari bar does not, the Court observed, §2255(h) does "not provide the clear indication needed to strip this Court"—meaning the Supreme Court—"of jurisdiction." *Id.* at 24. Along the way, the Court rejected the contention that Congress "must have intended to incorporate [§2244(b)(3)(E)] in its entirety." *Id.* at 32. And it declined to address whether §2255(h) incorporates §2244(b)(3)(E)'s rehearing bar. *Id.*

This case presents that question. Mr. Bell, a federal prisoner, has petitioned for panel or en banc rehearing of the denial of his §2255(h) certification request. This Court appointed the undersigned to argue, consistent with the pre-*Bowe* circuit consensus, that §2255(h) incorporates the rehearing bar and so prohibits Mr. Bell's petition. *See, e.g.*, *In re Clark*, 837 F.3d 1080, 1082-83 (10th Cir. 2016) (collecting cases from First, Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits).

## ARGUMENT

### I. *Bowe*'s Reasoning and AEDPA's Text Confirm that Congress Barred Rehearing Petitions in the Gatekeeping Process for Federal Prisoners' Second or Successive Filings.

*Bowe* explains how to identify the "procedures" §2255(h) "borrow[s]" from §2244. 607 U.S. at 18. Hewing to the statutory text,

the *Bowe* Court instructed that §2255(h) incorporates parts of §2244 that "'provid[e]' for how a 'panel of the appropriate court of appeals' 'certifie[s]' a second or successive filing." *Id.* at 28 (alterations in original) (quoting §2255(h)); *see also, e.g.*, *id.* at 29, 37. As the Court observed, the first four subsections of §2244(b)(3) are thus "incorporated by §2255(h)'s cross-reference" because they "all describe the procedures that a panel must follow in certifying a second or successive filing." *Id.* at 29. In contrast, the Court determined, "the certiorari bar in §2244(b)(3)(E) says nothing about how the §2255 motion must be certified." *Id.* The Court concluded as much because the certiorari bar concerns the Supreme Court—not "'a panel of the appropriate court of appeals'"—and addresses only "whether an individual can appeal the panel's certification decision." *Id.* (quoting §2255(h)). That assessment undergirded the Court's holding that §2255(h) did not provide the "clear indication" necessary to limit the Court's certiorari jurisdiction. *Id.* at 24.

On the understanding of §2255(h) *Bowe* adopts, §2244(b)(3)(E)'s bar on "petition[s] for rehearing" of certification decisions applies in the §2255(h) gatekeeping process. As nobody disputes, Congress need not speak clearly to bar rehearing petitions in that process; ordinary

interpretive principles apply. *See Amicus* Br. 11-12; Gov't Opp. 6-7. And as the only decision to address the question since *Bowe* concluded, *see Upchurch v. United States*, 184 F.4th 933 (7th Cir. 2026) (Brennan, C.J., in chambers), the rehearing bar is among the procedures §2255(h) borrows from §2244: by prohibiting panel and en banc rehearing petitions, it affects "how a panel certifies a second or successive filing," *Bowe*, 607 U.S. at 29.

1. As *Bowe* recognized, in "barring panel rehearing," the rehearing bar—unlike the certiorari bar—"speak[s] to the panel." *Id.* at 32. And what it says is that the panel must decide whether to certify without entertaining reconsideration requests, whether from the prisoner or the Government. That directive triggers incorporation by §2255(h): again unlike the certiorari bar, the rehearing bar shapes not "what happens after a panel has acted on a certification request," *id.* at 29, but how the panel decides certification to begin with.

Rehearing, after all, is just that: *re*hearing. While a panel rehearing petition is pending—that is, while the panel is reconsidering—the court's mandate does not issue, Fed. R. App. P. 41(b), and the panel decision remains tentative, lacking legal effect "'pending the court's

further determination'" whether to stand by it or to change course, *Missouri v. Jenkins*, 495 U.S. 33, 46 (1990) (quoting *Dep't of Banking v. Pink*, 317 U.S. 264, 266 (1942)). And if the panel chooses the latter, the result is not a second panel decision, but "revision" and "modification[]" of the original. *See, e.g.*, *Am. Petroleum Inst. v. EPA*, 883 F.3d 918, 919-20 (D.C. Cir. 2018) (per curiam). Adjudicating any panel rehearing petition is thus part of the process by which a panel reaches its one and only decision. So in barring such petitions in the certification process—and thus eliminating that extra step and "mark[ing] the end" of the process, *Upchurch*, 184 F.4th at 936—the rehearing bar addresses "how a panel certifies a second or successive filing," *Bowe*, 607 U.S. at 29. It is "therefore incorporated by § 2255(h)'s cross-reference." *Id.*

Any other reading would undermine Congress's design. *Bowe* confirmed that § 2255(h) incorporates § 2244(b)(3)(D), *id.*, which gives the "court of appeals" just 30 days to "grant or deny" certification. And as *Bowe* recognized, this tight deadline seemingly reflects Congress's intent for "panels to move quickly," notwithstanding its preservation of "further review in the rare case that warrants [the Supreme] Court's attention." 607 U.S. at 33; *contra Amicus* Br. 10. Yet if panel rehearing petitions

were permitted, panels would have to dispose of them within those same 30 days—because again, adjudicating any such petition is part of how a panel decides whether to "grant or deny" certification. Allowing such petitions would thus invite widespread noncompliance: by default, petitions may be filed weeks after the panel's decision (which itself takes time), Fed. R. App. P. 40(d)(1), and adjudicating them takes more time still. There is little reason to presume Congress built that consequence into the §2255(h) scheme.

2. The rehearing bar also affects "how a panel certifies a second or successive filing" in its application to petitions for rehearing en banc. *Bowe*, 607 U.S. at 29.[1] That supplies an independent basis for reading §2255(h) to incorporate it.

In fact, in barring petitions for rehearing en banc, the rehearing bar merely fortifies another requirement we already know §2255(h)

[1] Until 1998, two years after AEDPA's enactment, the Federal Rules of Appellate Procedure authorized "suggestions," not "petitions," for rehearing en banc. *See* Fed. R. App. P. 35(b) advisory committee's note to 1998 amendment. Section 2244(b)(3)(E) nonetheless bars en banc rehearing petitions today because its general reference to "petition[s] for rehearing" "adopts the law" governing such petitions "as it exists whenever a question under the statute arises." *Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 209 (2019).

incorporates: §2244(b)(3)(B)'s command that a certification request "shall be determined *by a three-judge panel of* the court of appeals" (emphasis added). This requirement, *Bowe* observed, is "incorporated by §2255(h)'s cross-reference" because in "requir[ing] that a three-judge panel make the certification decision," it "describe[s] the procedures that a panel must follow in certifying a second or successive filing." 607 U.S. at 29.

The rehearing bar, in proscribing petitions for rehearing en banc, does much the same thing. By closing off the primary gateway to a decision by the en banc court, it helps guarantee that *only* a three-judge panel will decide certification on behalf of the court of appeals. So if §2244(b)(3)(B)'s panel decision requirement affects "the procedures that a panel must follow in certifying a second or successive filing," and is thus incorporated by §2255(h), *id.*, the same is true of the rehearing bar. Indeed, the common end these two requirements serve is so fundamental to the §2255(h) gatekeeping process that Congress embedded it in §2255(h) itself, which mandates certification "by a panel of the appropriate court of appeals."

The nature of rehearing en banc confirms the point (and distinguishes the certiorari bar). Barring petitions for rehearing en banc, unlike those for certiorari, does not affect "whether an individual can appeal the panel's certification decision." *Bowe*, 607 U.S. at 29. An en banc court "does not conduct appellate review" of the panel's decision; it "is substituted for the three judge panel in considering the case." *Duncan v. Bonta*, 131 F.4th 1019, 1031-32 (9th Cir. 2025) (en banc) (Thomas, J., concurring); *see also United States v. Campbell*, 26 F.4th 860, 888 (11th Cir. 2022) (en banc) (Pryor, C.J., concurring) (similar); 28 U.S.C. § 46(c) (appeals "shall be heard and determined by a court or panel of not more than three judges …, *unless* a hearing or *rehearing* before the court in banc is ordered" (emphasis added)). That is why en banc courts generally vacate panel judgments immediately upon granting rehearing—*before* deciding the case themselves. *E.g.*, *Climate United Fund v. Citibank, N.A.*, 2025 WL 3663661, at *1 (D.C. Cir. Dec. 17, 2025). It is also why they may decide the case "without further briefing or argument," Fed. R. App. P. 40(e)(1), and why the court's mandate issues only after the en banc process concludes, Fed. R. App. P. 41(b). So in barring en banc rehearing petitions, the rehearing bar does not just "mak[e] [the panel's

decision] conclusive." *Bowe*, 607 U.S. at 29-30; *contra Amicus* Br. 18. It dictates who decides certification for the court of appeals—a panel, not the full court. And again, that is a function we know §2255(h) captures because *Bowe* tells us so. *See* 607 U.S. at 29 (discussing the panel decision requirement).[2]

3. The rehearing bar thus independently triggers §2255(h) incorporation in its applications to both panel and en banc rehearing petitions. Yet the Court need only agree as to one to hold that §2255(h) incorporates the rehearing bar and thus proscribes both.

That follows from two "fundamental rules" of statutory interpretation: that "a single use of a statutory phrase must have a fixed meaning," and that courts accordingly must "avoid interpretations that would 'attribute different meanings to the same phrase.'" *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 587 U.S. 262, 268 (2019) (quoting *Reno v. Bossier Parish Sch. Bd.*, 528 U.S. 320, 329 (2000)). Section 2244(b)(3)(E) states flatly that a certification decision "shall not

[2] Section 2244(b)(3)(D)—the 30-day deadline earlier discussed—lends further support. Allowing en banc rehearing petitions would lead to even longer delays than allowing panel rehearing petitions and so would be even more incompatible with that deadline. *See supra* at 9-10.

be the subject of a petition for rehearing." That "single use" of statutory text prohibits all rehearing petitions, panel or en banc, in the gatekeeping process applicable to state prisoners. *Cochise*, 587 U.S. at 268. So per the interpretive rules just noted, it cannot bear another meaning when the question is whether §2255(h) applies it to the federal-prisoner process—it cannot, for instance, be read to prohibit only panel rehearing petitions. And because the "single use" of the incorporating text in §2255(h) likewise must have one "fixed meaning," that single rehearing bar—prohibiting both panel and en banc rehearing petitions—either "is" or "is not" incorporated. *Id.* The upshot is that if the rehearing bar affects panel certification procedures when applied to either panel or en banc rehearing petitions, §2255(h) incorporates it and thereby prohibits both.

"There is no textual basis" for instead switching incorporation on and off depending on the sort of rehearing sought. *Id.* Neither §2255(h) nor §2244(b)(3)(E) even mentions "panel" or "en banc" rehearing, much less distinguishes between them. And reading the statute to incorporate the rehearing bar as to just one would make no sense. It would mean that a certification decision both could and could not "be the subject of" a

"petition for rehearing," § 2244(b)(3)(E), depending on the type. Stranger still, because litigants often seek panel and en banc rehearing in "a single document" (as Mr. Bell did here), Fed. R. App. P. 40(a), the same filed *petition* could be both barred and not barred. That cannot be right. The better reading is that if the rehearing bar ever bears on panel certification procedures, it applies, always and in full, in the § 2255(h) gatekeeping process.

## II. *Bowe*'s Holding Respecting AEDPA's Separate Certiorari Bar Does Not Suggest Otherwise.

This case turns on § 2255(h)—the question is whether its incorporating text pulls in the rehearing bar in § 2244(b)(3)(E). But in insisting that it does not, *amicus* appointed to support Mr. Bell and the Government each start instead with the text of § 2244(b)(3)(E). Their contention is that because the rehearing and certiorari bars cohabitate "the same phrase within the same sentence within" that "same subsection," *Bowe*'s holding that the certiorari bar does not apply in the § 2255(h) gatekeeping process means the rehearing bar does not either. *Amicus* Br. 2; *see also id.* at 3-6, 12-16; Gov't Opp. 7-8. The idea, to quote *amicus* quoting (tellingly) the dissent in *Bowe*, is that "'what

subparagraph (E) "provide[s]" is a package deal.'" *Amicus* Br. 6 (alteration in original) (quoting 607 U.S. at 56 (Gorsuch, J., dissenting)).

That is mistaken, and the *Bowe* majority already said so. Its analysis was focused and functional, asking whether "the certiorari bar in §2244(b)(3)(E)"—not any package of prohibitions in §2244(b)(3)(E)—addressed "how the §2255 motion must be certified." 607 U.S. at 29. It accordingly placed no weight on the happenstance that the rehearing and certiorari bars share a home in §2244(b)(3)(E). Rather, the majority explicitly *rejected* the supposition, pressed by the Government and the dissent, *see id.* at 51-52, 56-57 (Gorsuch, J., dissenting), that "§2255(h) must have intended to incorporate [§2244(b)(3)(E)] in its entirety," *id.* at 32 (majority opinion).[3] It advised instead that whether the rehearing bar applies in the §2255(h) gatekeeping process "says little, and certainly nothing clear, about whether Congress intended §2244(b)(3)(E)'s separate certiorari bar" to apply in that process. *Id.*

True, *Bowe* concerned one of these two "separate" prohibitions, and this case concerns the other. But changing the question does not change

[3] *Amicus* suggests otherwise (at 7), but in doing so mistakenly treats one unrepresentatively broad utterance in *Bowe* as if it were the "language of a statute." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 341 (1979).

the logic—especially because, as the *Bowe* dissent charged (and the majority declined to deny), *Bowe*'s reasoning appears "gerrymandered" to address *only* the certiorari bar. *Id.* at 57 (Gorsuch, J., dissenting). Invoking the "broad grant" of certiorari jurisdiction in 28 U.S.C. § 1254(1), the *Bowe* Court explained that "Congress must speak clearly if it seeks to impose exceptions to that jurisdiction." *Id.* at 25 (majority opinion); *see also id.* at 26 n.4, 27 (referring to this "clear-indication requirement"). Repeatedly the Court phrased its conclusions in terms of that clear-statement rule. *See id.* at 18, 22, 24, 28, 29-31, 35. And ultimately, it ventured only that "whether § 2244(b)(3)(E)'s certiorari bar falls within the scope of § 2255(h)'s cross-reference is at most ambiguous." *Id.* at 31. Because whether § 2255(h) incorporates the rehearing bar undisputedly does not turn on any clear-statement rule, *see* Amicus Br. 11-12; Gov't Opp. 6-7, that cabined conclusion has *no* relevance here, *see* *Upchurch*, 184 F.4th at 936.

*Amicus* contends otherwise, maintaining (at 16) that *Bowe*'s rejection of the package-deal theory "was merely an application of the clear-statement rule." Not so. The Court observed that incorporation of the rehearing bar "*says little, and* certainly nothing clear" about

incorporation of the certiorari bar. 607 U.S. at 32 (emphasis added). And it did so because it concluded that a §2244 requirement's *function* determines whether §2255(h) incorporates it, *id.* at 28-29—and the rehearing and certiorari bars are "separate" requirements with different functions, *id.* at 32. On that logic, *Bowe*'s conclusion that it is "ambiguous" whether §2255(h) incorporates the certiorari bar says nothing about incorporation of the "separate" rehearing bar, *id.* at 31-32—the latter may (indeed, does) affect panel certification procedures whether the former does or not.

The package-deal theory thus collapses as a matter of precedent, and it fares no better as a matter of text. It emphasizes "[t]he text of §2244(b)(3)(E)," which *amicus* and the Government claim "resolves the question presented." *Amicus* Br. 3; *see also id.* at 3-6, 12-16; Gov't Opp. 7-8. But §2244(b)(3)(E) does not determine whether or to what extent to incorporate itself; §2255(h) does. And no principle of statutory interpretation—except, perhaps, one the *Bowe* dissent would have adopted—suggests that §2255(h)'s incorporating text cannot possibly reference the rehearing bar just because §2244(b)(3)(E) announces it alongside the certiorari bar "in a single breath." *Bowe*, 607 U.S. at 56

(Gorsuch, J., dissenting). *Amicus* and the Government worry that reading §2255(h) to incorporate just the rehearing bar would require "excis[ing]" the latter from the rest of §2244(b)(3)(E).[4] *Amicus* Br. 5; *accord* Gov't Opp. 7. But they fail to explain why §2255(h)—which, of course, "borrow[s]" only "*certain* … procedures" from §2244, *Bowe*, 607 U.S. at 18 (emphasis added)—cannot require exactly that. Suppose that §2255(h) mandated certification "as provided in section 2244 *except as it pertains to the Supreme Court*." That text would doubtless accomplish what *amicus* and the Government say §2244(b)(3)(E)'s text forecloses: incorporating the rehearing bar but not the certiorari bar. So the only question is whether the text §2255(h) actually uses—"as provided in section 2244 by a panel of the appropriate court of appeals"—does the same.

[4] This would hardly be major surgery. In drafting §2244(b)(3)(E), Congress used distributive phrasing of the sort that is "pervasive, indeed inescapable, in every kind of speech and writing." *Pulsifer v. United States*, 601 U.S. 124, 134 (2024). The provision's meaning would be identical had Congress instead repeated the distributive language and dropped in some roman numerals to split the appeal, rehearing, and certiorari bars into separate subsections ready-made for "excis[ing]." Congress's drafting decision to use more efficient phrasing does not somehow bind together those "separate" prohibitions. *Bowe*, 607 U.S. at 32.

It does. Per the Supreme Court's definitive interpretation, §2255(h) is an instruction to federal prisoners, the Government, and the courts—one pointing to those procedures in §2244 that address "how a 'panel of the appropriate court of appeals' 'certifie[s]' a second or successive filing" and "direct[ing] that those procedures be used" in the §2255(h) gatekeeping process too. *Bowe*, 607 U.S. at 28 (first alteration in original) (quoting §2255(h)). Because the rehearing bar is such a procedure, federal prisoners and the Government must comply with it, and courts must enforce it.

## CONCLUSION

The Court should deny Mr. Bell's rehearing petition.

October 16, 2026

Respectfully submitted,

*/s/ Alexander J. Cave*

Sarah E. Harrington
Alexander J. Cave
*Counsel of Record*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
202-662-6000

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the Court's July 22, 2026, order appointing *amici curiae* and ordering supplemental briefing because it contains 3,892 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1).

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced, serif typeface (14-point Century Schoolbook) using Microsoft Word for Office 365.

October 16, 2026

*/s/ Alexander J. Cave*
Alexander J. Cave

## CERTIFICATE OF SERVICE

I certify that on October 16, 2026, I caused a copy of the foregoing response to be sent by first-class mail to:

Orlando Bell
Fed. Reg. No. 83130-007
FCI Thomson
Federal Correctional Institution
P.O. Box 1002
Thomson, IL 61285

Warden (Thomson)
FCI Thomson
Federal Correctional Institution
P.O. Box 1001
Thomson, IL 61285

I further certify that on October 16, 2026, I filed the foregoing with the Clerk of the United States Court of Appeals for the District of Columbia Circuit using the Court's CM/ECF system. All participants in the case except those noted above are registered CM/ECF users, and service to those participants will be accomplished by the CM/ECF system.

October 16, 2026

*/s/ Alexander J. Cave*
Alexander J. Cave